IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Daniel Stott, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 11037 |
| | ) | |
| vs. | ) | |
| | ) | |
| Menard's #3071, d/b/a Menard's | ) | |
| Crystal Lake, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [34] for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

## STATEMENT-OPINION

Plaintiff, Daniel Stott, a citizen of Illinois brought this negligence action against defendant, Menard, Inc. ("Menard"), a Wisconsin corporation with its principal place of business in Wisconsin, in Illinois state court. Defendant removed the action to federal court premised on diversity of citizenship. 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000. Defendant moves [34] for summary judgment. Plaintiff has not filed a response to defendant's LR56.1(a)(3) statement of facts as required by LR56.1(b)(3)(A), nor a statement of additional facts pursuant to LR56.1(b)(3)(B), so the facts, supported by citations to the record, in defendant's LR56.1(a)(3) statement are deemed admitted. LR56.1(b)(3)(B).

On April 7, 2016, plaintiff went to defendant's retail store in Crystal Lake, Illinois ("Store") to shop for mulch and retaining blocks. At the Store, plaintiff approached a stack of blocks. The blocks were originally stacked by Midwest Manufacturing but were subject to being moved, stacked, and re-stacked by store customers. There were no prior complaints involving the blocks. Plaintiff was alone near the retaining blocks; no Menard's employee or guest was within twenty feet of plaintiff. Plaintiff did not see anyone at the site of the blocks before the accident occurred. Plaintiff selected the tallest and highest block on the stack for purchase. Plaintiff then grabbed the targeted block with two hands. Each block weighed approximately thirty pounds. Shortly after manipulating this topmost block, plaintiff's hand was crushed by a block and an unidentified hard object. Plaintiff admits he does not know what the other hard

object was but guesses his hand was crushed between a block and items on a neighboring pallet[1]. From the time plaintiff began handling the block to the time of his injury, plaintiff was the only person who touched the block. The nearest other person was at least twenty feet away. Immediately after the event, plaintiff yelled and held his hand which had become swollen. Plaintiff left the scene and sought help from defendant's employees. The employees called an ambulance which took plaintiff to the hospital. Defendant's statement of facts includes as exhibits photographs of the blocks taken shortly after plaintiff's injury.

"Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. We consider all of the evidence in the record in the light most favorable to the non-moving party, and we draw all reasonable inferences from that evidence in favor of the party opposing summary judgment." Dunn v. Menard, Inc., No. 17-1870, 2018 WL 576758, * 2 (7th Cir. Jan. 29, 2018) (quotation marks and citations omitted).

"To establish a cause of action for negligence under Illinois law, a plaintiff must prove: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury proximately caused by the breach." Id., at *3 (quotation marks and citation omitted). "In Illinois, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." Reid v. Kohl's Dept. Stores, Inc., 545 F.3d 479, 481 (7th Cir. 2008). This duty is breached by creating an unreasonably dangerous condition that defendant should have rectified or warned about. Fanter v. Menard, Inc., No. 15 C 7912, 2017 WL 1049835, * 5 (N.D. Ill. Mar. 20, 2017). Proximate cause has two distinct requirements plaintiff must prove. Simmons v. Garces, 736 N.E.2d 720, 732 (Ill. 2002). "The defendant's conduct must be shown to be an actual cause of the plaintiff's injury, and it must be a legal cause as well. Actual cause, or cause in fact, can be established only where there is a reasonable certainty that a defendant's acts caused the injury or damage. A defendant's acts are a legal cause only if they are so closely tied to the plaintiff's injury that he should be held legally responsible for it." Id. "[P]laintiff must demonstrate proximate cause by establishing with reasonable certainty that defendant's acts or omissions caused injury to the [plaintiff]. The occurrence of an accident does not support an inference of negligence." Kellman v. Twin Orchard Country Club, 560 N.E.2d 888, 892 (Ill. App. 1990). Plaintiff must present "positive and affirmative proof of causation." Id. "Damages cannot be awarded on mere speculation, guess, or conjecture as to what probably happened to cause [plaintiff's] injuries." Id.

Because plaintiff has not filed an LR56.1(b)(3)(A) response to defendant's statement of facts, nor filed a statement of additional facts pursuant to LR56.1(b)(3)(B), the only facts before the court are those set forth in defendant's LR56.1(a)(3) statement of facts which are deemed admitted.

---

[1] A photo in the record shows this was also a pallet of blocks.

The evidence shows there was a stack of blocks in the Store. Plaintiff walked up to the stack, grabbed a block off the top, and ended up with an injured hand. There is no evidence as to what happened between plaintiff grabbing the block and his hand being crushed. Did he drop the block? Did he knock over another block? Did a block fall off the stack when he grabbed the top block? There is no evidence any employee of defendant did, or failed to do anything at any time prior to the injury that was reasonably certain to have caused plaintiff's injury.

Plaintiff argues the facts show defendant's employees never touched the various stacks of bricks that appear in the photos in defendant's LR56.1(a)(3) statement and that this decision to do nothing "to affect or rearrange any of the stock" allowed "in effect a natural accumulation of defects in its premises to arise." He contends "the omission on the part of Menard's to maintain its premises in a fashion that would prevent a business invitee from being injured is the basis of the breach of its duty of ordinary care and resultant liability on its part." He contends that if any of defendant's employees had "exercised any degree of reasonable care, they would have discovered the condition of the bricks pictured in the exhibits [to defendant's LR56.1(a)(1) statement]. Any of them would realize that the condition of the bricks would involve an unreasonable risk of harm to business invitees including [plaintiff]." Plaintiff argues defendant's employees should have expected that a business invitee attempting to move bricks on his own would not discover the danger they pose nor realize the danger presented by bricks falling on parts of their bodies and that they would be in no position to protect themselves.

However, plaintiff has not identified what caused his injury. He has presented no evidence at all. He has pointed to no evidence as to what caused his hand to end up being between a block and another hard object. He says if an employee had looked at the bricks they would have realized the condition of the bricks would involve an unreasonable risk of harm. But there is no evidence that anything about the "condition of the bricks" caused plaintiff's injury.

"As the 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial. Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor as to any issue for which it bears the burden of proof." Grant v. Trustees of Indiana Univ., 870 F.3d 562, 568 (7th Cir. 2017) (quotation marks and citations omitted). Plaintiff has not identified any evidence that shows any act or omission of defendant was an actual cause of plaintiff's injury.

In Lang v. Menard, Inc., No. 2:15-cv-02308-EIL (C.D. Ill. June 20, 2017), discussed by defendant in its brief, the plaintiff was struck by a falling board. He did not know where the board fell from or why it fell. The court found "[w]ith no evidence at all of how the board fell, Plaintiff can only speculate that because the board fell, Defendant must have been negligent. This is insufficient to establish proximate cause." Id., at p. 8. The court granted summary based on failure to establish proximate cause. Here, as well, plaintiff has no evidence as to how his hand ended up between a block and another hard object. He has failed to show defendant actually caused his injury.

3

Plaintiff also has failed to point to evidence defendant breached a duty to maintain the premises in a reasonably safe condition by creating an unreasonably dangerous condition that defendant should have rectified or warned about.  The only evidence he points to is the photos of the blocks attached as exhibits to defendant's statement of facts.  However, the pictures, by themselves, do not prove the blocks posed an unreasonable risk.  There is no evidence the stack was unstable or that its condition affected plaintiff or anyone else who took, or attempted to take, a block from the stack.

For the foregoing reasons, defendant's motion [34] for summary judgment is granted.  Judgment is entered in favor of defendant and against plaintiff.  This case is terminated.

Date: 2/07/2018		ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)